IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| A.T., as Guardian and Next Friend to S.T. and S.T., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACT. NO. 2:22-cv-377-ECM [WO] |
| STATE OF ALABAMA DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

This cause is before the Court on a motion to proceed anonymously, filed by A.T. as Guardian of S.T. and S.T. (together "A.T.") (doc. 2); a motion to dismiss for failure to state a claim, filed by the Defendant Alabama State Department of Education ("ALSDE") (doc. 8); and two motions for preliminary injunction (doc. 1 & 14).[1]

A.T. filed a complaint in this Court on June 24, 2022.  The complaint brings claims against ALSDE for violation of Section 504 of the Rehabilitation Act of 1973 (count 1), violations of the Individuals with Disabilities in Education Act (IDEA) (counts II & III), and violations of the Americans with Disabilities Act (ADA) (count IV).

---

[1] For reasons to be discussed, the Plaintiffs will be given an opportunity to exhaust administrative remedies, therefore, the motions for preliminary injunction are due to be denied at this time, without prejudice to being refiled.

ALSDE has no opposition to the motion to proceed anonymously, and that motion is due to be GRANTED.

Upon consideration of the record and law, and for the reasons to be discussed, the motion to dismiss is due to be DENIED, but the Plaintiffs will be required to exhaust administrative remedies.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation." *Id.* at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

### III. FACTS AND PROCEDURAL HISTORY

The facts and procedural history as alleged in the complaint are as follows:

This case arises out of a due process proceeding filed by S.T. on August 17, 2021, against Pike Road Schools ("PRS") of Montgomery County, Alabama.  During the due process proceeding, S.T. alleged that he was being denied a Free Appropriate Public Education ("FAPE") because he was precluded from attending his zoned school, Pike Road High School.  PRS's response was that S.T.'s Individual Education Plan ("IEP")-based placement in his August 3, 2021 IEP for the 2021-22 school year was residential placement.  S.T. had been discharged from the Marcus Center for Autism in Georgia during the summer of 2021. (Doc. 1-1 at 97).

The complaint filed in this Court alleges that ALSDE was notified by PRS that the school system was unable to provide placement for S.T.  S.T. subsequently filed an Amended Complaint for Due Process, adding ALSDE as a party to the due process proceeding, and asking that ALSDE place him in a residential program.  PRS filed a crossclaim against ALSDE.  S.T. also filed a Third Amended Complaint incorporating the relief PRS made in its crossclaim against ALSDE.

On November 23, 2021, the due process Hearing Officer granted ALSDE's motion to dismiss without prejudice the claims against it.  The Hearing Officer identified issues of jurisdiction and ripeness, but noted that the dismissal was not an indication about the merits

3

of the claims. (Doc. 1-1). The Hearing Officer reasoned that the claims against ALSDE were not ripe because they presupposed a denial of FAPE by PRS. (Doc. 1-1 at 89).

On April 21 and May 8, 2022, S.T. and PRS executed a Settlement Agreement to conclude the due process matter against PRS. The Hearing Officer entered a stipulated order on May 16, 2022. That order incorporated findings which included a finding that PRS had made efforts to find a residential facility to accept S.T. and that PRS had notified ALSDE in writing on September 28, 2021 that PRS is unable to provide FAPE and had requested assistance, to no avail. (Doc. 1-1 at 98).

## IV. DISCUSSION

ALSDE moves to dismiss A.T.'s claims in this Court on the grounds that the case is untimely and that A.T. failed to exhaust administrative remedies. ALSDE also argues that A.T. fails to state a claim for relief under section 504 and the ADA.

IDEA provides that "the party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415. The Alabama Administrative Code provision relied on by ALSDE in moving for dismissal provides that "[t]he party bringing the civil action must file a notice of intent to file a civil action within 30 days after receipt of the hearing decision. The party must file the civil action within 30 days of the filing of the notice of intent." ALA. ADMIN. CODE 290-8-9-.08(9)(c)(16).

4

A.T. contends that this suit is timely because the ALSDE was dismissed from the due process proceeding without prejudice and the claims against the school district were settled, therefore, this case is not an appeal, but a new case, and no notice of suit was necessary.

ALSDE argues that the Alabama Administrative Code timing provisions apply, citing a decision from a federal district court in Oregon. *See Coningsby v. Oregon Dep't of Educ.*, 2016 WL 4844078, at *2 (D. Ore. 2016).  In that case, the court found that a federal case had been timely filed under IDEA, applying Ninth Circuit precedent holding that a party can bring suit after the conclusion of the due process hearing. *Id.* at *4. *Coningsby* involved both a final order and an interim decision dismissing the state department of education as an improper party. *Id.*  The state department was found to be an improper party because there was no claim asserted directly against the state for services. *Id.* at 5. The court concluded that the time period ran from the final order, not from the interim decision. *Id.* at *4.

*Coningsby* is not instructive here because while it may stand for the proposition that a civil case does not have to be filed under IDEA within 90 days of an interim decision by a hearing officer, that is not the issue presented by the instant motion to dismiss.  In addition, *Coningsby* is distinguishable from this case because A.T. claimed during the administrative process and is claiming here that ALSDE has a responsibility to provide educational services to S.T. directly.

5

The Court finds a decision by another judge of this district more analogous to this case and, therefore, persuasive. *See Jennifer B. v. Chilton Cty. Bd. of Educ.*, 891 F. Supp. 2d 1313 (M.D. Ala. 2012) (Fuller, J.).  In *Jennifer B.*, a hearing officer dismissed disability discrimination claims against a school board for lack of jurisdiction because he found that those claims did not pertain to IDEA issues. *Id.* at 1318.  The plaintiff then filed a lawsuit in federal court.  The defendant school board moved to dismiss the discrimination claims as premature, arguing that the plaintiff had not exhausted her claims under IDEA procedures. *Id.* at 1325.  The plaintiff's position was that the defendant school board could not raise exhaustion as a defense because the board did not follow the Alabama Administrative Code's deadlines to give notice of intent to bring a civil action and file suit within thirty days of the hearing officer's dismissal. *Id.*

In deciding whether the school board was required to comply with the timing requirements of the Alabama Administrative Code, the court looked to the plain language of IDEA which provides that "a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." *Id.* (quoting 20 U.S.C. § 1415(f)(3)(E)").  The court reasoned that the hearing officer's dismissal of claims for lack of jurisdiction was not a "final" decision because it was not a substantive determination on the issue of FAPE. *Id.* The court also found that the hearing officer did not lack jurisdiction because the plaintiff's complaint sought at least one type of relief which was available under the IDEA, and her complaint related to educational placement. *Id.* at 1325-26.  Therefore, the court found that

6

the timing requirements of the Alabama Administrative Code did not apply, and that the defendant was allowed to raise the exhaustion issue. *Id.* at 1326. The court further concluded that the plaintiff was required to exhaust her administrative remedies before proceeding with her civil case. *Id.* (citing *Waterman by Waterman v. Marquette-Alger Intermediate Sch. Dist.*, 739 F. Supp. 361, 366 (W.D. Mich. 1990)).

In the instant case, there also was no substantive decision on FAPE as to ALSDE because the Hearing Officer questioned whether he had jurisdiction and ultimately determined that A.T.'s claims against ALSDE were not ripe.[2] Also, as in *Jennifer B.*, in the due process proceeding, A.T. sought relief available under IDEA and the claim related to educational placement.[3] Of course, as ALSDE points out, S.T. did not exhaust claims against it in the administrative process. However, as in *Jennifer B.*, S.T. began the administrative procedure, but ALSDE was dismissed without prejudice by the Hearing

---

[2] The Hearing Officer distinguished *Todd D. by Robert D. v. Andrews*, 933 F.2d 1576, 1583 (11th Cir. 1991), in part on the basis that he had not yet heard or decided the initial question of whether the district had failed to provide a FAPE. (Doc. 1-1 at 89-90). The factual allegations of the complaint support that the claims against the ALSDE now are ripe. A.T. has pleaded in the complaint that PRS has notified the ALSDE that it is unable or unwilling to provide FAPE to S.T. (Doc. 1 at 9). The complaint also alleges that the ALSDE has not attempted to place S.T. in a residential program. (*Id.* at 10).

[3] In *Todd. D.*, 933 F.2d at 1578, the plaintiff sought residential placement pursuant to the Education of the Handicapped Act, the predecessor statute of the IDEA. The Eleventh Circuit held that "[t]he law is clear that if the [] LEA is unable or unwilling to serve [the plaintiff] the state DOE must do so." *Id.* at 1583. The Fourth Circuit subsequently has applied *Todd D.* and concluded that a state education department is responsible for providing direct educational services pursuant to IDEA if the local educational agency is unable to establish and maintain programs in compliance with IDEA. *See Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 953 (4th Cir. 1997).

Officer. (Doc. 1-1 at 90). Therefore, here, as in *Jennifer B.*, there was a lack of a final decision as to ALSDE and a lack of exhaustion of the administrative process.

Where failure to exhaust is due to the administrative authority, a reviewing court has two options: excuse the failure to exhaust as futile or "return" the case to the administrative authorities for continuation of the process. *Waterman*, 739 F. Supp. 361, 366–67. "The second alternative carries obvious advantages in furthering the purposes of the exhaustion requirement, for return allows administrative authorities to bring their expertise to bear, to develop a record, and to focus the issues that must be resolved by the court." *Id.* This case could benefit from the development of the record as to PRS and ALSDE's efforts to provide S.T. with FAPE and the Court is not persuaded that exhaustion is futile. Accordingly, this Court is persuaded to follow *Jennifer B.* and conclude that this case is not untimely, but that the due process procedures must be exhausted as to ALSDE so that there will be a final administrative decision on IDEA related claims and issues concerning the ALSDE.

## V. CONCLUSION

For the reasons discussed it is hereby ORDERED as follows:

1. The motion to proceed anonymously (doc. 2) is GRANTED.

2. The motion to dismiss for failure to state a claim (doc. 8) is DENIED.

3. The two motions for preliminary injunction (doc. 1 & 14) are DENIED without prejudice to being refiled after the Plaintiffs' administrative remedies have been exhausted as to ALSDE.

8

4. This case is STAYED pending a final decision by the Hearing Officer as to the Plaintiffs' claims against ALSDE.

5. The parties are to file a joint report on the status of this case on or before December 1, 2022.

Done this 17th day of October, 2022.

                                /s/Emily C. Marks  
                            EMILY C. MARKS  
                            CHIEF UNITED STATES DISTRICT JUDGE